<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-7742**

———————

DON MEREDITH COTTEE,

                    Petitioner - Appellant,

     versus

RONALD J. ANGELONE,

                    Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CA-02-201-AM)

———————

Submitted: January 30, 2003    Decided: February 10, 2003

———————

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Don Meredith Cottee, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Don Meredith Cottee seeks to appeal the district court's orders dismissing his petition filed pursuant to 28 U.S.C. § 2254 (2000) and denying his motion filed pursuant to Fed. R. Civ. P. 59(e). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's orders were entered on the docket on August 2, 2002 (dismissal of § 2254 petition) and September 25, 2002 (denial of R. 59(e) motion). The notice of appeal was filed on October 29, 2002.[*]  Because Cottee failed to file a timely notice

---

[*] Cottee's notice of appeal purports to appeal an order of the district court entered on October 29, 2002, the same day Cottee mailed the notice of appeal. The district court did not enter any order pertaining to Cottee's case on October 29, 2002, therefore we will assume Cottee was attempting to appeal either the August 2, 2002 order or the September 25, 2002 order. For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

of appeal for either of these orders or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>